**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NAKESHA BURGE, | ) | CASE NO: 1:07-CV-01364 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

On May 20, 2008, Plaintiff, Nakesha Burge, through her attorney Louise Mosher, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $4492.68. (Doc. No. 19.) For the reasons that follow, Plaintiff's motion (Doc. No. 19) is **GRANTED**.

## I. Background

This social security disability case is before the undersigned Magistrate Judge pursuant to the consent of the parties. (Doc. No. 9.) On February 27, 2008, the Court vacated the decision of the Commissioner and remanded the case for further proceedings consistent with the Court's opinion. (Doc. No. 17.) As Burge has filed a timely motion for attorney's fees, the Court has jurisdiction to consider the motion. The Commissioner objects to the request for fees and argues that his position was substantially justified. In the alternative, the Commissioner argues that Burge's request for fees is excessive and should be reduced.

## II.  Analysis

"The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified."  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  It provides, in pertinent part as follows:

> [A] court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs . . . incurred by that party in any civil
> action . . . including proceedings for judicial review of agency action, brought by
> or against the United States . . . unless the court finds that the position of the
> United States was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C . § 2412(d)(1)(A).  A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand.  *See, e.g., Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Here, because judgment was entered in favor of Plaintiff and the case remanded to the Commissioner, Plaintiff is the "prevailing party."  The pertinent issue is whether the position of the United States was substantially justified.

The phrase "position of the United States" refers to both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based."  § 2412(d)(2)(D).  The government bears the burden of establishing that the position of the United States was substantially justified.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  To satisfy that burden, the United States must show that its position was "justified to a degree that could satisfy a reasonable person," not merely that the government was "undeserving of sanctions for frivolousness."  *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).  The mere fact that the government lost the case does not necessarily mean that its position was "not substantially justified."  *Id*.  *See* 28 U.S.C.A. § 2412(d)(1)(A).  The

-2-

"substantial justification standard" is essentially one of reasonableness.  *Pierce v. Underwood*, 487 U.S. at 562-565.  The pertinent inquiry is whether the United States's position had a reasonable basis in law and fact.  *Id.* at 565.

In the instant case, Plaintiff alleged that the ALJ erred by (1) relying on suspicions, impermissible inferences, and evidence outside the record in determining that Plaintiff was not disabled, (2) finding that Plaintiff was not credible, and (3) finding that Plaintiff had the residual functional capacity ("RFC") to engage in substantial gainful employment.  The Court found all of these claims well-taken.  The ALJ's decision was not supported by substantial evidence.  It was wrought with unsupported statements, inaccurate references to the record, unreasonable inferences, and conjecture.  Moreover, the ALJ failed to follow the agency's own legal standards.  In light of the numerous errors detailed in the Court's Memorandum Opinion and Order ("Opinion") (Doc. No. 17), the agency's position at the administrative level was not reasonable.

The Commissioner's position in responding to Plaintiff's civil complaint also was not reasonable, as the Commissioner entirely failed to respond to the majority of Plaintiff's meritorious arguments.  With respect to the arguments to which the Commissioner did respond, those arguments were not supported by the facts and the law.  For example, in response to the argument that the ALJ's credibility finding was not supported by substantial evidence, the Commissioner argued that the ALJ reasonably relied on the ME's testimony.  The ME testified, however, that Plaintiff's allegations were consistent with symptoms of narcolepsy.  This testimony does not contradict, but rather, supports Plaintiff's allegations.  The Commissioner's reference to the ME's testimony that the medical source evidence with respect to Plaintiff's

symptoms and limitations was sparse, also was unpersuasive because, as noted in the Court's Opinion, the ALJ may not base an unfavorable credibility finding on such testimony alone.  As the Commissioner cited no other persuasive evidence in support of the credibility finding, the Commissioner's argument that the ALJ's finding was supported by the ME's testimony did not have a reasonable basis in law and fact.

The Commissioner argues, nonetheless, that the position of the United States was substantially justified.  His primary argument is based on a misunderstanding of the Court's opinion.  According to the Commissioner, "articulation of the ALJ's findings was at issue."  The Commissioner asserts that the Court remanded Plaintiff's claim "because the ALJ needed to articulate his credibility finding and his reasons for rejecting Plaintiff's allegations that she had episodes of uncontrolled daytime sleep."  In making the assertion that "articulation of the ALJ's credibility finding was at issue," the Commissioner implies, erroneously, that the ALJ's decision was vacated and remanded *solely* because the ALJ failed to articulate reasons for his credibility finding.  Indeed, the Commissioner goes so far as to state that "remand was not granted on the basis that the ALJ wrongfully concluded Ms. Burge was not disabled."[1]  In doing so, the Commissioner misconstrues the reasons for the Court's judgment and, astonishingly, ignores the

---

[1]Although it is by no means clear, the Commissioner appears to argue that where a case is remanded for a failure to articulate reasons for a finding, the government's position is substantially justified.  In support of this proposition, the Commissioner cites *Anderson v. Comm'r of Social Security*, 198 F.3d 244, No. 98-6284, 1999 WL 1045072 (6th Cir. Nov.12, 1999), an unpublished opinion in which the  Sixth Circuit found that the Commissioner's position was substantially justified for two reasons: (1) the IQ score upon which the ALJ based his determination was over two years old and, therefore, invalid under the regulations and (2) the ALJ's error was based on a failure to articulate reasons for finding the claimant did not meet a listing.  *Anderson* does not stand for the broad proposition of law suggested by the Commissioner's argument, but was decided on the particular facts before the court, facts that were quite different than the facts presented in this case.

-4-

fact that the Court vacated the ALJ's decision based on the ALJ's reliance on a number of illogical inferences, inaccurate statements unsupported by the record, and on his own unsubstantiated psychological diagnosis of Plaintiff.  Moreover, the Commissioner fails to mention the highly significant fact that the Court specifically noted  the Commissioner's glaring failure to address Plaintiff's arguments with respect to these errors.  (See Doc. No. 17 at 8.) Ignoring arguments, particularly where, as here, they are meritorious, is not a reasonable position; it is tantamount to taking no position at all, and is certainly not a position with a reasonable basis in law and fact.

The Commissioner further makes an unpersuasive argument that the United States's position was substantially justified because the Court did not award benefits, but merely remanded.  The Commissioner does not develop this argument, and cites only one unreported Sixth Circuit decision, one page in length, in which the Sixth Circuit found that the fact that the district court did not award benefits, but instead remanded, was one factor in support of the Commissioner's position.[2]  In that case, the other factor – the more compelling one– was the fact that the magistrate judge and district court judge reached different conclusions as to whether the ALJ erred.  As with the other unpublished opinion cited by the Commissioner, the Sixth Circuit's decision was fact specific and does not stand for the broad proposition of law implied by the Commissioner.  It has no application here, where the ALJ's decision was riddled with statements unsupported by the record,  unreasonable inferences, and other errors.

For the foregoing reasons, the Commissioner's position was not substantially justified and, accordingly, Plaintiff is entitled to attorney's fees.  The EAJA provides for the award for

---

[2]*Gray v. Comm'r of Social Security*, 23 Fed. Appx. 436 (6th Cir. 2001).

reasonable expenses and attorneys fees as follows:

> 'fees and other expenses' includes . . . reasonable attorney fees (The amount of
> fees awarded under this subsection shall be based upon prevailing market rates for
> the kind and quality of the services furnished, except that . . . (ii) attorney fees
> shall not be awarded in excess of $ 125 per hour unless the court determines that
> an increase in the cost of living or a special factor, such as the limited availability
> of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A)(ii).  Courts commonly adjust the $125.00 hourly rate for cost of

living increases based on increases in the consumer price index ("CPI") available from the

United States Department of Labor, Bureau for Labor Statistics.  *See, e.g. Ramon-Sepulveda v.*

*Immigration and Naturalization Service*, 863 f.2d 1458, 1463-64 (9th Cir. 1988); *Vanderkolk v.*

*Comm'r of the SSA*, No. 1:05-CV-741, 2007 U.S. Dist. LEXIS 96883, at 3 (W.D. Mich. 2007);

*East v. Barnhart*, 377 F. Supp. 2d 1170, 1171 n.3 (M.D. Ala. 2005).

Plaintiff requests $4,492.68 in fees for a total of 27.5 hours billed at an hourly rate of

$163.37 in 2007.  Plaintiff's brief sets forth the method and figures counsel used to calculate the

hourly rate based on the cost of living adjustment.[3]  The Court finds both the hours billed by

counsel and the hourly rate reasonable in light of the cost of living adjustment.  Accordingly,

Plaintiff is entitled to $ 4,492.68 in attorney's fees.

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. No. 26) is

---

[3]The Commissioner does not object to the number of hours billed.  Although the
Commissioner objected to the hourly rate of $163.37 on the ground that Plaintiff "failed
to provide any documentation or proof that $163.37 per hour was the prevailing market
rate for legal services in a social security disability claim in Northern Ohio in 2007,"
Plaintiff has provided appropriate documentation in her reply brief.  (*See* Doc. No. 21 at
4-6, United States Department of Labor, Bureau of Labor Statistics, Consumer Price
Index - All Urban Consumers.)

**GRANTED**.  Plaintiff is awarded $ 4,492.68 in attorney's fees.

   **IT IS SO ORDERED**.

           /s/ Nancy A. Vecchiarelli
           United States Magistrate Judge

Date: June 20, 2008